103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PROGRESSIVE ARCHITECTS/ENGINEERS/PLANNERS, INC., Plaintiff-Appellant,
v.
SECURITY INSURANCE COMPANY OF HARTFORD, Defendant-Appellee.
 Nos. 95-1935, 95-1981.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1996.
 
 Before: MARTIN, Chief Judge; WELLFORD and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Progressive Architects/Engineers/Planners, Inc. appeals and Security Insurance Company of Hartford cross-appeals the district court's final judgment in this diversity action involving a dispute about coverage under an architects and engineers professional liability policy and application of a pollution exclusion contained therein.
 
 I.
 
 2
 This suit arises from the construction of a retail outlet in the city of Woodhaven, Michigan. The retailer, Meijer, hired Progressive to perform certain preliminary site engineering services at the proposed outlet location. A berm, created from natural soils, was built for the purpose of storing contaminated soils found at the site. Progressive was instructed that no debris larger than six inches in diameter was to be placed in the berm.
 
 
 3
 Ultimately, Meijer sued Progressive and several other parties for the costs of remediation of the Woodhaven site. Meijer pled five causes of action against Progressive: breach of contract, professional malpractice, negligence, breach of warranty, and express and common law indemnification, alleging that Progressive had allowed debris and barrels larger than the six inch limit to be placed in the berm. Meijer sought damages from Progressive for the cost of opening the berm and removing these improper contents. Progressive admitted that its representative tacitly allowed other contractors to place some larger debris in the berm, but maintained that it knew nothing of any barrels or pollutants being placed there.
 
 
 4
 Progressive sought coverage from Security, its insurer, which initially denied coverage based on the policy's pollution exclusion. However, when Progressive's counsel asked Security to reconsider, Security reviewed its position, and with assistance of counsel agreed by letter dated August 2, 1991 that it owed a duty of defense and a duty of indemnity for the cost of removing certain specified inert and nonpollutant debris from the berm.
 
 
 5
 After exhaustion of the policy's deductible, Security paid the cost of Progressive's defense. Meijer and Progressive reached a settlement in which Progressive paid Meijer $350,000.00. Security approved the settlement and contributed $75,000.00, reserving the issue of coverage on the full settlement amount.
 
 
 6
 Progressive then sued Security in United States District Court for the Western District of Michigan for breach of the insurance contract and for a declaratory judgment as to Security's liability to Progressive. Security counterclaimed for a return of a portion of the $75,000.00 it had advanced. Following discovery, both sides moved for summary judgment.
 
 
 7
 In a July 18, 1994 Opinion and Order, the district court denied Progressive's motion for summary judgment and granted Security's motion in part, finding that Security had no duty under the language of the policy to indemnify Progressive because the entire claim fell within the pollution exclusion. The court also denied without prejudice Security's motion for summary judgment on the issue of damages for its counterclaim, finding that a genuine factual issue existed as to the proper measure of damages for the counterclaim.
 
 
 8
 After further briefing, the district court on August 19 issued a second Opinion and Order on counterclaim damages. The court rejected Progressive's argument that the cost of removing the inert debris exceeded Progressive's $350,000.00 settlement with Meijer, and rejected Security's proposed measure of damages as not including expense for opening the berm.
 
 
 9
 Following the final pretrial conference, Security filed a motion in limine seeking a definitive ruling as to the issues to be litigated at trial. On December 13, the district court entered a third Opinion and Order which clarified and revised its previous rulings. Security's motion in limine was denied, and the district court's order concerning Progressive's motion for summary judgment was changed; the motion was denied to the extent that it sought liability under the policy, but granted as to liability under the August 2, 1991 letter. Summary judgment was denied as to the issue of damages, and Security's motion for summary judgment was denied in its entirety.
 
 
 10
 The sole issue at trial was the "cost of removal" of the inert debris as set forth in the August 2, 1991 letter. On July 21, 1995, the court entered its Findings and Conclusions of Law, holding that Progressive was entitled to damages of $72,020.00 and that Security was therefore entitled to have $2,980.00 of the amount previously paid returned to it. The court found that Security's agreement in the August 2, 1991 letter was based on an erroneous assumption that the cost of removing the nonpollutant debris "could be segregated from the cost of removing" other materials and pollutants, and that this erroneous assumption was apparent from the face of the agreement. The court rejected Progressive's evidence as to Meijer's cost of removing the debris from the berm and the body of law cited by Progressive dealing with the allocation of known costs between covered and noncovered claims. On July 31, judgment was entered. Progressive appeals and Security cross-appeals the decision and judgment.
 
 
 11
 Three issues are before us on appeal: whether Security's August 2, 1991 letter admitted an independent and separate duty or a duty of indemnity under the policy; whether the pollution exclusion contained in Progressive's policy bars coverage; and whether the district court properly determined damages.
 
 II.
 
 12
 The first issue on appeal concerns Security's letter. Despite its initial claims that the pollution exclusion precluded coverage of Meijer's claims against Progressive, Security admitted to Progressive, by letter dated August 2, 1991, that it had a duty of indemnity for the cost of removing the inert debris from the berm. The district court found that this was a gratuitous offer to pay for Meijer's claims against Progressive, wholly apart from the policy and made even though Security had no such duty under the policy. Progressive objects to this conclusion, and asserts that the letter was an admission that Security had a duty of indemnity under the policy. We agree. Insurance companies are not charitable organizations. There is no reasonable basis for concluding that Security, which is presumably a rational, profit-oriented corporation, would volunteer to indemnify Progressive for costs which Security felt it otherwise had no duty to cover. As Security itself states in its brief, "insurance carriers generally do not take upon themselves an obligation to provide indemnity above and beyond the terms of their policies of insurance." Indeed they do not. Moreover, during oral argument counsel for Security admitted that the letter acknowledged a duty under the policy. Thus, even though this is an issue of fact to which the clearly erroneous standard applies, this court is justified in reversing the district court's finding on this issue.
 
 III.
 
 13
 Progressive has also challenged the district court's conclusion that the pollution exclusion contained in Progressive's policy barred coverage for the cost of removing debris from the berm. Given our finding that Security's letter admitted a duty of indemnity pursuant to the policy, it is not necessary for us to address this issue.
 
 IV.
 
 14
 The next issue concerns damages. Given its finding that Security's duty to indemnify was predicated on the segregation of the inert debris from the other materials in the berm, the district court assessed damages on Security's duty of indemnity based upon a hypothetical cost of removing debris from clean soil. This amount was $72,020.00, and was based on the testimony of a Security expert witness. We hold that this was the proper measure of damages, but for reasons other than those relied on by the district court.
 
 
 15
 On appeal, Progressive argues that the proper measure of damages is Meijer's actual cost of removing the debris from the berm. In support of its position, Progressive cites Continental Casualty Co. v. Board of Education of Charles County, 302 Md. 516, 49 A.2d 536 (1985), which held that where an insured sues its insurer for the costs of both covered and noncovered claims, the insured can recover all costs reasonably related to a covered item, even if such costs also relate to or benefit non-covered items. Id. at 532. Applying this formula to the facts of the present case, Progressive asserts that the actual cost of removing the debris was far in excess of $350,000.00, the amount of its settlement with Meijer, and thus that Security should have paid Progressive the full settlement amount.
 
 
 16
 This argument is unpersuasive. Continental Casualty is a Maryland decision, and its allocation formula has not been adopted by Michigan courts. We therefore decline to follow it today. Given that Michigan has not embraced a specific method for allocating costs between covered and uncovered claims in suits by an insured against an insurer, we believe that the insured, in this case Progressive, must at a minimum provide the court with evidence as to how covered costs--the expense of removing the inert debris--can be segregated from non-covered costs--the expense of removing other materials. This Progressive has failed to do. At trial, Progressive declined to put on evidence as to how the removal costs could be segregated. During oral argument, this Court requested that Progressive provide detailed information as to the separate costs of removing pollutants and non-pollutants, with cites to the district court record demonstrating that this evidence had been produced at trial. Progressive's response failed to provide the requested information.
 
 
 17
 Given that Progressive has not provided evidence which enables us to separate covered costs (i.e., the expense of removing inert debris) from non-covered costs (i.e., the expense of removing other materials), we cannot say that the district court was clearly erroneous in determining that the proper measure of damages due Progressive was $72,020.00. See Wilson v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers of Am., AFL-CIO, 83 F.3d 747, 756 (6th Cir.1996), petition for cert. filed, 65 U.S.L.W. 3323 (U.S. Oct. 15, 1996) (No. 96-613) (stating that an appellate court reviews an award of damages under the clearly erroneous standard). This amount was based on evidence produced by Security, the only evidence of segregated damages which was presented at trial.
 
 
 18
 Finally, Security has cross-appealed for the full $75,000.00 forwarded to Progressive. Security argues that the district court's finding that Security was obligated to pay $72,020.00 was clearly erroneous because it is based upon evidence presented by Security after Security requested a judgment on partial findings under Rule 52(c). Rule 52(c), however, gives the court discretion to grant the motion at the end of the plaintiff's proofs or to decline to enter judgment until the end of the case. Security offers no explanation as to why the court's decision to wait until the end of the case constitutes an abuse of discretion. Security's only basis for this argument, it appears, is that it does not feel that Progressive should have been able to prevail based on proofs of damages presented by Security (the $72,020.00 figure was given by Security's expert) when Progressive bore the burden of proof on damages. Security's argument is unconvincing. The timing of a Rule 52(c) motion is within the court's discretion, and even if it would have been better for the district court to have granted the motion at the end of Progressive's proofs, any purported injustice does not rise to the level of reversible error.
 
 V.
 
 19
 For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.